1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 UNITED STATES OF AMERICA,           CASE NO. 1:16-CR-00036 LJO-SKO

12

13          Plaintiff,         MEMORANDUM DECISION AND ORDER
DENYING DEFENDANT'S MOTION TO

14    v.            REDUCE SENTENCE PURSUANT TO
18 U.S.C. § 3582(c)(2)

15 BENJAMIN TOLOSA-RODRIGUEZ,

16                (ECF No. 34)

17          Defendant.

18

19      Defendant moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2)

20 ("§ 3582"), in accordance with section 1B1.10(b)(1) of the United States Sentencing Guidelines

21 ("USSG" or "Sentencing Guidelines").[1] (ECF No. 34.) The Government filed an opposition to

22 Defendant's § 3582 motion. (ECF No. 36.) Defendant did not file a reply. Upon a thorough review

23 of the parties' briefing, the record in the case, including the Probation Office's Presentence

24 Investigation Report ("PSR"), and the relevant law, the Court DENIES Defendant's § 3582 motion.

25

26

27 ─────────────────────

[1] Although Defendant does not specifically reference Amendment 782 to the USSG, the Court assumes that the request is
made pursuant to Amendment 782. (ECF No. 36.) Defendant asks for a reduction "based on a Guideline Sentence range

28 that has subsequently been low[ered] and made retroactive by the United States Sentencing Commission." Amendment
782 revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many
drug trafficking offenses. *See* USSG, sup. App'x C, amend. 782 (2014) ("Amendment 782").

# I. BACKGROUND

On November 7, 2016, Defendant pled guilty to one count possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 9 (Indictment); 23 (PSR).)

According to the PSR, Defendant's base offense level was set at 33. (PSR ¶¶ 15-16.) The offense level involved 20.2 kilograms of actual methamphetamine under USSG § 2D1.1(c)(2) which equated to a base offense level of 36, but was decreased by three levels pursuant to USSG §2D1.1(a)(5) because Defendant was recommended for a minor role adjustment under USSG § 3B1.2. (*Id.*) His criminal history category was determined to be I. (*Id.* ¶ 32.) Pursuant to USSG § 2D1.1(b)(17) and , Defendant qualified for a 2-level reduction for a minor role adjustment pursuant to USSG §3B1.2(b)(2), an additional 2-level reduction pursuant to USSG § 2D1.1(b)(17), and a 3-level reduction for acceptance of responsibility pursuant to USSG §3E1.1, bringing his total offense level to 26. (*Id.* ¶¶ 17, 19, 23-25.) The PSR, which cited the 2016 Guidelines Manual (incorporating all Guideline amendments), found that the Guidelines range for a defendant with an offense level of 26 and a criminal history category I was 63 to 78 months imprisonment. (*Id.* at 14-15.) The PSR recommended that the Court sentence Defendant to 63 months imprisonment. (*Id.*)

On February 6, 2017, this Court sentenced Defendant to 50 months imprisonment, a below Guidelines sentence. (ECF Nos. 31, 33.)

# II. STANDARD OF DECISION

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. § 3582(c)(2); *see United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. *See* Amendment 782. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See*

USSG, sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in USSG § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* USSG § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

### III.  **DISCUSSION**

By his motion, Defendant requests that the Court reduce his sentence pursuant to Amendment 782. (ECF No. 34.) In its opposition, the Government points out that the PSR used in Defendant's sentencing incorporated the Amendment 782 to the Guidelines, and that Defendant's Guidelines range was therefore calculated pursuant to the amended Guidelines. (ECF No. 36 at 1-2.)

This Court sentenced Defendant on February 6, 2017. (ECF No. 31.) Defendant's PSR, filed with the Court on January 13, 2017, clearly states that it utilized the 2016 Sentencing Guidelines

Manual, and incorporated all Guideline amendments to determine Defendant's offense level. (PSR ¶ 14.) Amendment 782 became effective on November 1, 2014. USSG § 1B1.10(d) (2014). Therefore, Defendant already received the benefit of Amendment 782 at the time of his sentencing. The Court further notes that it sentenced Defendant to a 50-month term of imprisonment—which is below the applicable amended Guidelines range. Defendant is not eligible for a reduction in his sentence.

Based on the foregoing, the Court finds that Defendant is not eligible for a sentence reduction under § 3582(c) because the Court previously imposed a sentence below the amended Guidelines range. *See id.* As Defendant not eligible for a sentence reduction, the Court may not proceed to the second half of the two-part inquiry set forth in *Dillon*. *See Dunn*, 728 F.3d at 1155.

## IV. <u>CONCLUSION AND ORDER</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Benjamin Tolosa-Rodriguez's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

IT IS SO ORDERED.

Dated:   **December 6, 2017**            _____**/s/ Lawrence J. O'Neill**_____
                                    UNITED STATES CHIEF DISTRICT JUDGE